## TEETER v. QUINN.

EASEMENT: NOTICE TO PURCHASER: PRESCRIPTION.

*Appeal from Harrison District Court.*

SATURDAY, DECEMBER 8.

ACTION at law to recover damages for the obstruction of an alleged right of way over land, and for the obstruction of a highway which is claimed to have been established by prescription. There was a trial by the court, and a judgment was rendered for the defendant for costs. Plaintiff appeals.

*S. H. Cochran*, for appellant.

*Evans & Roadifier*, for appellee.

ROTHROCK, J.—I. It appears from the evidence that the plaintiff is the owner of twenty acres of land, adjoining land formerly belonging to one Spires. Spires fenced his land and placed his fence on or near the line between the two tracts. The plaintiff enclosed her land, and erected the fence some twenty-five or thirty feet from the line, thus leaving a lane or passageway which was all on plaintiff's land. This lane ran north and south, and at its north end it opened out on vacant land owned by Spires. The plaintiff claims that an oral agreement was made between her and Spires, by which each party was to keep up and maintain his part of the lane fence, and that the plaintiff should also have a right of way over Spires' uninclosed land north of the lane. Afterwards, Spires sold and conveyed all of his land to one Runkles, and Runkles conveyed the same to the defendant, and he, desiring to enclose his land north of the lane, erected a fence around the same, and thus prevented any travel from the end of the lane to the north.

The plaintiff claims that the defendant had notice of the right of way when he bought his land, and recognized the rights of plaintiff, and is bound by the contract made between the plaintiff and Spires. We think the court was justified in finding from the evidence that the defendant did not have notice, and that he did no act by which he should be held to furnish the plaintiff a right of way through his land to the north of the lane. If the lane was in whole or in part upon the land of the defendant, there might be some claim that he was bound to take notice of the rights of parties using the lane.

II. It is claimed that the lane, and a traveled track over defendant's land to the north of the lane, was established as a highway by prescription. Upon the question as to the amount of public travel over the road, the evidence is conflicting. The lane was but twenty-five or thirty feet wide, and some of the witnesses testify that it was used and traveled very little, and that it could not be traveled to any great extent, owing to its bad condition. There is no such a showing of general use and travel as would authorize us to interfere with the finding of the court, that the public acquired no right by use and travel upon the lane, as claimed by the plaintiff.

AFFIRMED.